UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARCO SINGLETON<br>on behalf of himself and all<br>others similarly situated,<br><br>       Plaintiffs,<br>       v.<br><br>B & H TRANSPORTATION,<br>INCORPORATED, a Domestic Limited<br>Liability,<br><br>       and<br><br>DMITRY LENIKMAN<br><br>       Defendants. | CASE NO. 13-cv-882<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Representative Plaintiff Marco Singleton, on behalf of himself and all other similarly situated current and former employees who worked as Drivers of B & H Transportation, Inc. and Dmitry Lenikman. Singleton was formerly a Driver employed by B & H Transportation, Inc. and Dmitry Lenikman. It is the policy of B & H Transportation, Inc. and Dmitry Lenikman to compensate their Drivers at a straight-time rate when the Drivers work more than forty hours in a workweek, denying the Drivers overtime premium compensation for those hours. Moreover, B & H Transportation, Inc. and Dmitry Lenikman do not pay their Drivers for certain travel-time which is integral and indispensable to the Driver's principle activity of providing non-emergency medical transportation in specialized medical vehicles.

2. B & H Transportation, Inc. and Dmitry Lenikman provide non-emergency medical transportation services in specialized medical vehicles to individuals who are

disabled and/or elderly and are in need of such transportation assistance. Mr. Dmitry Lenikman is the owner of B & H Transportation, Inc.

3. Singleton brings this action, on behalf of himself and other similarly situated current and former employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

4. Singleton brings this action, on behalf of himself and other similarly situated current and former employees, as a class action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's Wage Payment and Collection Laws ("WWPCL") (Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*) for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

5. The deliberate failure to properly compensate its Drivers' overtime compensation by B & H Transportation, Inc., at the direction of Dmitry Lenikman, violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## **JURISDICTION AND VENUE**

6. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

7. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United Stated Constitution.

8. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claims occurred within the district and Defendant B & H Transportation, Inc. and Defendant Dmitry Lenikman have substantial and systematic contacts in this district.

**PARTIES**

9. Defendant B & H Transportation, Inc. is a Wisconsin Corporation with a principal place of business in Mequon, Wisconsin. B & H Transportation, Inc.'s registered agent for service of process in the State of Wisconsin is Dmitry Lenikman, located at 11516 North Port Washington Road, Suite #103, Mequon, Wisconsin 53092. B & H Transportation, Inc.'s principal place of business is located at 11516 North Port Washington Road, Suite #103, Mequon, Wisconsin 53092.

10. On information and belief, Defendant Dmitry Lenikman is an owner of B & H Transportation, Inc. Lenikman oversees the day-to-day operations and has control over the compensation and human resources aspects of B & H Transportation, Inc.

11. Lenikman is an adult resident of the State of Wisconsin and resides at 8687 West Freistadt Road, Mequon, Wisconsin 53097.

12. Defendants B & H Transportation, Inc. and Lenikman will be collectively referred to as "Defendants" hereinafter.

13. Plaintiff Marco Singleton (hereinafter "Singleton") is an adult resident of the City of Milwaukee, County of Milwaukee, State of Wisconsin. Singleton's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and is made a part of this Complaint. Singleton is a former employee of Defendants who has worked as a Driver within three years from the date of the filing of this Complaint.

14. Singleton brings this action on behalf of himself and all other similarly situated current and former employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who are or have been employed by Defendants as a Driver, and who worked in excess of forty hours in any one workweek, within three years prior to this action's filing date, without receiving overtime premium compensation for each hour worked over forty in a workweek and who were not compensated for all hours spent working prior to picking up their first customer and after dropping off their last customer.

15. Singleton brings this action on behalf of himself and the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by Defendants in Wisconsin as a Driver, and who worked in excess of forty hours in any one workweek, within two years prior to this action's filing date, without receiving overtime premium compensation for each hour worked over forty in a workweek and who were not compensated for all hours spent working prior to picking up their first customer and dropping off their last customer.

## GENERAL ALLEGATIONS

16. Singleton and the Collective Class work, or have worked, for Defendants as Drivers within the three years preceding the filing of this Complaint.

17. Singleton and the Wisconsin Class work, or have worked, for Defendants as Drivers within the two years preceding the filing of this Complaint.

18. Defendants provide non-emergency medical transportation services to elderly, disabled, and/or other individuals in Milwaukee and the surrounding suburbs.

19. Defendants employ Drivers to provide door-to-door transportation services to Defendants' customers.

20. Defendants' Drivers operate minivans – including specialized medical vehicles which are modified vans – to accommodate loading, unloading, and safe transportation of elderly, disabled, and/or other individuals to medical appointments.

21. Defendants' vans do not have lights on top of the vehicles, similar to those on taxis, indicating whether they are available to pick up customers.

22. Defendants' vans do not have the word "Milwaukee" on the right and left sides of the vehicle.

23. Defendants' vans do not say "taxi" on the outside of the vehicle.

24. Defendants' vans do not have a taxi permit number, issued by the Milwaukee Common Counsel, displayed on the right and left sides of the vehicle.

25. Defendants' vans do not have a taxi permit number, issued by the Milwaukee Common Counsel, displayed on the back of the driver's seat.

26. Defendants' vans do not have taximeters.

27. Defendants' vans are not offered for hire to the general public on city streets.

28. Defendants' vans do not display the rates charged by Defendants inside of the vehicle.

29. Defendants' modified vans have doorways wide enough to accommodate a wheelchair.

30. Defendants' modified vans have ramps or lifting devices for elevating wheelchairs from the curb or sidewalk to the vehicle.

31. Defendants' modified vans have means to secure wheelchairs to the inside of the vehicle and safety belts for handicapped individuals.

32. Defendants do not charge their customers by the fraction of a mile.

33. Defendants do not charge their customers for wait time.

34. Defendants have not applied for a zone fair taxicab permit from the City of Milwaukee.

35. Defendants prohibit their Drivers from picking up passengers who hail or signal the driver.

36. Defendants prohibit their Drivers from picking up passengers other than those who have been dispatched to the Drivers by Defendants.

37. Defendants prohibit their Drivers from picking up passengers other than individuals who are elderly, disabled, or otherwise in need of non-emergency transportation for medical appointments.

38. Defendants prohibit their drivers from going to the airport to pick up customers who have not been scheduled through Defendants' dispatch.

39. Defendants prohibit their drivers from continuing to transport customers after Defendants' last dispatched customer of the day.

40. Defendants prohibit their Drivers from making change for customers.

41. Defendants prohibit their Drivers from receiving tips.

42. Milwaukee City Ordinance Section 100-61 prohibits Defendants from allowing its drivers to pick up customers who have hailed or signaled for the Driver to pick them up.

43. An individual on the side of the street cannot hail Defendants' Drivers to obtain transportation.

44. An individual on the side of the street cannot flag down Defendants' Drivers to obtain transportation.

45. Defendants permit multiple customers to be transported at the same time to different locations.

46. Many of Defendants' Drivers do not hold Class T Public Passenger licenses to operate a taxi with the City of Milwaukee.

47. Defendants' vans have not been issued Public Passenger Vehicle Permits to operate a taxi by the City of Milwaukee.

48. Defendants' Drivers cannot use their discretion to determine where to find customers.

49. Defendants' Drivers do not exercise initiative in locating customers.

50. Defendants require all passengers to be scheduled through Defendants' dispatch.

51. The majority of Defendants' customers do not pay for transportation at the time of transportation.

52. Defendants receive reimbursement from Medicare for the transportation services provided to its customers.

53. Defendants receive reimbursement from Medicaid for the transportation services provided to its customers.

54. Defendants do not list their services under "taxi" in the phone book.

55. Defendants require their Drivers to fuel Defendants' medical transport vans at the end of each day.

56. Defendants purchased medical transport vans for its Drivers to transport customers.

57. Defendants maintain their medical transport vans.

58. Defendants purchase tires for their medical transport vans.

59. Defendants' Drivers are dispatched by Defendants to various locations to pick up and provide non-emergency medical transportation to Defendants' customers.

60. Each morning, Defendants require their Drivers to report to a central location in Mequon, Wisconsin to pick up Defendants' vehicles which are used to transport customers throughout the day. At this central location, Defendants provide its Drivers with a list of customers the Drivers will be transporting that day, those clients' locations, and pick up times. Defendants also require their Drivers to complete an inspection of their vehicles prior to leaving the central location. After leaving the central vehicle pick up location, Defendants require their Drivers to travel to the location of the first client.

61. Defendants' Drivers are not compensated for all of their time spent reporting to the central Mequon location or traveling to the location of the first client in the morning.

62. Each evening, Defendants require their Drivers to report to a central location in Mequon, Wisconsin to return Defendants' vehicles which are used to transport customers throughout the day.

63. Defendants' Drivers are not compensated for all of their time spent reporting to the central Mequon location to return Defendants' vehicles in the evening.

64. Defendants pay some of their drivers at an hourly rate that remains constant regardless of the number of hours worked.

65. Defendants pay some of their drivers at a salary rate that is reduced when drivers are unable to work due to mechanical issues with Defendants' vans or other reasons.

66. Defendants' Drivers have worked more than forty (40) hours in a workweek in the last three years.

67. Defendants do not pay their Drivers time and one-half premium compensation for each hour worked beyond forty (40) hours in a workweek.

68. At some point in the past two years, Singleton has worked more than forty (40) hours in a workweek for Defendants.

69. Singleton did not receive time and one-half premium compensation when he worked in excess of forty (40) hours in a workweek.

70. Members of the Collective Class performed more than forty (40) hours of work in a workweek during the three years preceding the filing of this Complaint.

71. During weeks when members of the Collective Class performed more than forty hours of work in a workweek, the Collective Class members were not paid time and one-half the regular rate of compensation for each hour over forty (40) hours.

72. Members of the Wisconsin Class performed more than forty (40) hours of work in a workweek during the two years preceding the filing of this Complaint.

73. During weeks when members of the Wisconsin Class performed more than forty (40) hours of work in a workweek, the Wisconsin Class members were not paid time and one-half the regular rate of compensation for each hour worked beyond forty hours.

74. Defendants suffered or permitted Singleton, the Collective Class, and the Wisconsin Class to work without being paid appropriate compensation for each hour worked.

75. Defendants did not and do not maintain complete and accurate time records for Singleton, the Collective Class, and the Wisconsin Class. Defendants do not maintain accurate records of the start and end time of each Driver's workday; nor have Defendants accurately recorded the start and end time of any unpaid breaks.

76. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Singleton, the Collective Class, and the Wisconsin Class.

77. On information and belief, Lenikman is involved in the management, supervision, and oversight of B & H Transportation, Inc.; has the ability to hire and fire employees; is involved in and has control over employee compensation, benefits decisions, and policy making; is involved in B & H Transportation, Inc.'s day-to-day functions; has a role in determining employees hourly rates; and has control over classification of individuals who perform work for B & H Transportation, Inc.

78. On information and belief, Lenikman specifically was involved in the decision to pay Defendants' Drivers straight-time for hours worked over forty (40) hours in a workweek.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

79. Singleton and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to compensate them for each hour worked including overtime compensation. The claims of Singleton stated herein are the same as those of the Collective Class.

80. Singleton and the Collective Class seek relief on a collective basis, challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including overtime compensation.

81. The Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily ascertainable from Defendants. Notice can be provided to the Collective Class via first class mail to the last address known to Defendants and through posting at Defendants' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

82. Singleton brings his Wisconsin state law claims, pursuant to the WWPCL, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

83. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are approximately forty members of the Wisconsin Class.

84.  Singleton's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Classes. Singleton and the other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

85.  Singleton is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Classes.

86.  There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

1. Whether Singleton and the Wisconsin Class are exempt from the overtime requirements of Wisconsin law;

2. Whether the work performed by Singleton and the Wisconsin Class is compensable under Wisconsin law;

3. Whether Defendants engaged in a pattern or practice of suffering or permitting Singleton and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated;

4. Whether Defendants failed to maintain true and accurate records for all hours worked by Singleton and the Wisconsin Class as required by Wisconsin law;

5. Whether Defendants failed to pay the Wisconsin Class for all work Defendants suffered or permitted them to perform; and

6. The nature and extent of class-wide injury and the measure of damages for the injury.

87.  A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour

litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

88. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended

89. Singleton, on behalf of himself and the Collective Class, reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

90. In the three years prior to the filing of this Complaint, Singleton and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

91. In the three years prior to the filing of this Complaint, B & H Transportation, Inc. was an employer of Singleton and the Collective Class as provided under the FLSA.

92. B & H Transportation, Inc. is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

93. At all times material herein, Lenikman was an employer of Singleton and the Collective Class as provided under the FLSA.

94. Singleton and the Collective Class are victims of a uniform compensation policy and practice in violation of the FLSA.

95. Defendants violated the FLSA by failing to account for and compensate Singleton and the Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

96. In perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records for all of the time worked by McKinney and the Collective Class.

97. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

98. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in the FLSA, 29 U.S.C. § 203(b).

99. Defendants' failure to properly compensate Singleton and the Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Singleton and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Singleton and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

100. As a result of the aforementioned willful violation of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Singleton and the Collective Class for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

101. Singleton and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

102. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of WWPCL – Unpaid Wages and Overtime**
**(Plaintiff on behalf of himself and the Wisconsin Class)**

103. Singleton, on behalf of himself and the Wisconsin Class, reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

104. At all relevant times, Singleton and the Wisconsin Class were employees within the meaning of Wis. Stat. § 109.01(1r).

105. At all relevant times, Singleton and the Wisconsin Class were employees within the meaning of Wis. Stat. § 103.001(5).

106. At all relevant times, Singleton and the Wisconsin Class were employees within the meaning of Wis. Stat. § 104.01(2)(a).

107. At all relevant times, B & H Transportation, Inc. was an employer within the meaning of Wis. Stat. § 109.01(2).

108. At all relevant times, B & H Transportation, Inc. was an employer within the meaning of Wis. Stat. § 103.001(6).

109. At all relevant times, B & H Transportation, Inc. was an employer within the meaning of Wis. Stat. § 104.01(3)(a).

110. At all relevant times, B & H Transportation, Inc. was an employer within the meaning of Wis. Admin. Code § DWD 272.01(5).

111. At all relevant times, B & H Transportation, Inc. has employed and/or continues to employ Singleton and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, Wis. Admin. Code § DWD 272.01 *et seq.*, and Wis. Admin. Code § DWD 274.01 *et seq.*

Page 14 of 17

Case 2:13-cv-00882-CNC   Filed 08/01/13   Page 14 of 17   Document 1

112. At all relevant times, Lenikman was an employer within the meaning of Wis. Stat. § 109.01(2).

113. At all relevant times, Lenikman was an employer within the meaning of Wis. Stat. § 103.001(6).

114. At all relevant times, Lenikman was an employer within the meaning of Wis. Stat. § 104.01(3)(a).

115. At all relevant times, Lenikman was an employer within the meaning of Wis. Admin. Code § DWD 272.01(5).

116. At all relevant times, Lenikman has employed and/or continues to employ Singleton and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, Wis. Admin. Code § DWD 272.01 *et seq.*, and Wis. Admin. Code § DWD 274.01 *et seq.*

117. Throughout the Wisconsin Class Period, Singleton and the Wisconsin Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

118. At all relevant times, Defendants had and continue to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class overtime premium compensation.

119. At all relevant times, Defendants failed to pay Singleton and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of the WWPCL.

120. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one (31) days prior to the date of payment.

121. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the WWPCL.

122. As set forth above, Singleton and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Singleton, on behalf of himself and the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Singleton and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of their unpaid wages.

123. Plaintiff, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

## REQUEST FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, an Order designating this action as a collective action on behalf of the Collective Class and allowing issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) At the earliest possible time, an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of the proposed Wisconsin Class;

c) At the earliest possible time, an Order appointing Hawks Quindel S.C. as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) At the earliest possible time, an Order designating Marco Singleton as the Named Plaintiff and as representative of the Wisconsin Class set forth herein;

e) Leave to add additional Plaintiffs by Motion, the filing of written consent forms, or any other method approved by the Court;

f) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined by the FLSA and Wisconsin Law;

g) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour laws;

h) An Order directing and requiring Defendants to pay damages in the form of reimbursement for unpaid wages at the applicable minimum wage and overtime rates for all time spent performing compensable work for which Singleton, the Collective Class, and the Wisconsin Class were not paid pursuant to the rate provided by the FLSA and Wisconsin Law;

i) An award in the amount of all liquidated damages and penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

k) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Singleton hereby requests a trial by jury pursuant to FED. R. CIV. P. 38(b).

Dated this 1st day of August, 2013.

Respectfully submitted,

        **HAWKS QUINDEL S.C.**
        Attorneys for Plaintiffs


    By: s/ Larry A. Johnson
        Larry A. Johnson, SBN 1056619
        Email: ljohnson@hq-law.com
        Summer H. Murshid, SBN 1075404
        Email: smurshid@hq-law.com
        B. Michele Sumara, SBN 1010181
        Email: msumara@hq-law.com
        Hawks Quindel, S.C.
        222 East Erie Street, Suite 210
        PO Box 442
        Milwaukee, WI 53201-0442
        Telephone: 414-271-8650
        Fax: 414-271-8442