UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MARCO SINGLETON,
on behalf of himself and all
others similarly situated,

      Plaintiff,

      v.                      Case No. 13-C-0882

B & H TRANSPORTATION INC.,
DMITRY LENIKMAN,

      Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND APPROVING COURT FACILITATED NOTICE WITH MODIFICATION (DOC. 16), APPOINTING COLLECTIVE CLASS COUNSEL, REQUIRING DEFENDANTS TO PROVIDE NAMES OF ALL PERSONS EMPLOYED AS DRIVERS IN THE PAST THREE YEARS, SETTING DEADLINE FOR ALLOWING PLAINTIFFS TO OPT IN AND ADJOURNING DEADLINE FOR FILING CERTIFICATION/DECERTIFICATION MOTION

Plaintiff, Marco Singleton has filed a motion for conditional collective certification pursuant to 29 U.S.C. § 2916(b). In addition, he asks the court to appoint counsel of record as collective action counsel, approve the form and content of the Notice of Pendency of lawsuit, order the defendants to provide a list identifying all persons known to them who meet the definition of the class, and specific personal information regrading those persons, and allow the putative collective action members time to opt into this lawsuit.

FACTS

Defendant B&H is a Wisconsin corporation with its principle place of business at 11516 North Port Washington Road, Suite #103, Mequon, Wisconsin, 53092. (Doc. 8 at ¶ 9.) Dmitry Lenikman, the sole owner of B&H, oversees the company's day-to-day

operations, and was the corporate designee for the purpose of a deposition. (Doc. 8 at ¶ 10; Doc. 21 at pp. 16, 32.)

At all relevant times, B& H operated a fleet of minivans and provided transportation services to its clients for medical and non-medical reasons, primarily throughout Milwaukee County. (Doc. 22 at pp. 7-9, 75; Doc. 21 at p. 48.) All of the putative class members were employed as drivers by B&H. (Doc. 1 at ¶ 14.) These drivers used B&H's minivans to transport clients under B&H's contracts with third-party vendors. (Doc. 22 at pp. 48, 94; Docs. 19, 20, and 21 at ¶¶ 2, 5-6.)

Ninety percent of B&H's business involved transportation services under a contract with the City of Milwaukee Department of Aging and about ten percent of the business involved providing transportation under a contract with Logisticare or MTM. (Doc. 21 at pp. 11-12.) Department of Aging clients contacted B&H directly whereas other clients contacted Logisticare's or MTM's call center to set up transportation. (Doc. 21 at p. 82.) Lenikman testified at deposition that B&H lost the contract with the Department of Aging and that "pretty much the company's going out of business right now." (Doc. 22 at p. 10.)

Plaintiff asserts that B&H had uniform compensation policies under which B&H has failed to pay overtime premium compensation to any driver for any hours over a forty hour workweek. (Doc. 21 at pp. 35, 48, 68, 69; Doc. 22-1; Docs. 19, 20, and 21 at ¶ 12.) Prior to the spring of 2011, B&H paid its drivers the same hourly rate for every hour worked, with no premium compensation for hours worked over forty hours in a workweek. (Doc. 22 at p. 27.) After the spring of 2011, B&H modified its compensation policies splitting its drivers into two categories- probationary and non-probationary. (Doc. 22 at 32, 34-47.) Regardless of their classification, B&H compensated each set of drivers uniformly within each category

2

and did not pay additional compensation when they worked more than forty hours. (Doc. 22 at p. 48.)

Since the spring of 2011, probationary drivers were paid a set hourly rate. (Doc. 22 at pp. 34, 35, and 48.) B&H requires its probationary drivers to record the number of hours worked per day and to provide that information to B&H. (Doc. 22 at pp. 54, 60.) B&H pays the probationary employees based on the number of hours worked as reflected by the records of the drivers. (Doc. 22 at 55.)

B&H applied a similar uniform compensation policy to its non-probationary drivers commencing in 2011, inasmuch as drivers were paid a flat rate salary every two weeks, regardless of the number of hours worked. (Doc. 22 at p. 35.) However, B&H does not have its non-probationary drivers maintain records of the number of hours they work. (Doc. 22 at p. 56.)

All drivers – regardless of classification – perform the same work in fulfilling B&H's contracts with third-party payers by transporting customers to medical and non-medical appointments. (Doc. 22 at pp. 7, 11, 12; Docs. 19, 20, and 21 at ¶ 5.) Ordinarily, B&H's drivers drive the same van each day, and they pick up and drop off that van at B&H's facility in Mequon. (Doc. 22 at p. 92; Docs. 19, 20, 21 at ¶¶ 6, 7.) The driver's morning schedule is placed into each van and provides each driver a daily schedule for the first few trips each morning. (Doc. 22 at p. 74, Doc. 19, 20, and 21 at ¶ 8.) Throughout the day, B&H notifies its drivers of subsequent trips. (Doc. 22 at 74, 87-89, 96; Docs. 19, 20, and 21 at ¶ 9.) The dispatcher notifies drivers by phone call or text message of transportation that must be provided after identifying who is closest to the client. (Doc. 22 at pp. 74, 87, 96; Docs. 19, 20, and 21 at ¶ 9.)

3

CONCLUSIONS OF LAW

Plaintiff Marco Singleton has moved for conditional approval or certification of a federal collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which "authorizes employees to act together to seek redress for violations of the statute's minimum wage and maximum hour provisions." *Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 974 (7th Cir.2011). Singleton, who alleges that B & H and Lenikman failed to pay overtime premium compensation, identifies the following class:

> All drivers who are or have been employed by B & H as a Driver and who worked in excess of forty hours in any one workweek, within the three years prior to the Court's order on Plaintiff's motion for conditional certification.

Allegedly, these drivers share the following factual and legal nexus: (1) they were subject to a common policy denying B&H employees overtime premium compensation and (2) they performed the same jobs with the same job duties.

The FLSA allows an employee to maintain a collective action "for and on behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). However, the statute does not explain what it means to be similarly situated. The Seventh Circuit has not addressed this issue, but the majority of courts have taken a two-step process for determining whether the FLSA suit should proceed as a collective action. See *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The first step requires the court to make an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiff with respect to whether a FLSA violation occurred. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2nd Cir. 2010). Notice may be sent after plaintiff and other employees make a modest factual showing that they were victims of a common policy or plan that violated the law. *Id.* The second step occurs at the close of

discovery when the defendant can move to dismiss the opt-in plaintiffs in light of the record developed in discovery. *Id.*

The modest factual showing is lenient but not a mere formality. *Id.* The court may not certify based on plaintiffs' say-so alone. *Hadley v. Journal Broadcast Grp. Inc.*, 2012 WL 523752 at *1. Nevertheless, it is a low standard of proof because the purpose of the first stage is to determine *whether* "similarly situated" plaintiffs exist. *Myers*, 624 F.3d at 555.

With respect to the legal issues, the FLSA requires employers to pay employees overtime premium wages not less that one and one-half times their regular rate for hours worked in excess of forty hours each week. 29 U.S.C. § 207(a)(a). Defendants argue that they had few drivers prior to the spring of 2011 and that none of those drivers worked more than forty hours per week. However, starting in the summer of 2011, B&H changed its operating procedures to provide for a four-month probationary period. After that period, a driver converted from an hourly employee to a salaried employee with salaries ranging from $1,000 to $1,500. Defendants further assert that probationary drivers were paid $8 per hour and were to work no more than forty hours. According to Lenikman, B&H believed that it was not supposed to pay its drivers overtime, it considered the average salary of a 12 hour day and arrived at a salary of $1,000 to $1,500 per week.

On this record, the court finds that Singleton and the other potential opt-in drivers have made their minimal "modest factual showing" required to proceed at this early stage of the litigation. It's payroll records are in the possession of the defendants; however, defendants did not produce any evidence in opposition to the motion for conditional collective certification establishing that hourly drivers never worked more than a forty hour week or that salaried drivers never averaged more than a sixty-hour week. Indeed,

5

Lenikman's deposition testimony was equivocal with testifying that he was unable to recall or without the knowledge to confirm the actual policy. Singleton and two other drivers submitted sworn declarations that the probationary and non-probationary drivers had similar certification requirements, arrived and departed from the same location, received their assignments in the same manner, and otherwise performed the same job duties. Their declarations set forth their hourly pay rate, hours worked, and claim a universal failure to pay the rate of one and one-half times the regular. Further, the common carrier exemption claimed by Lenikman in his deposition is a universal defense regardless of probationary status.

Certification may be in-appropriate after additional discovery. However, at this stage, defendants concede that Singleton's documents show that he worked more than he should have been working and do not refute sworn statements that Hervie Daniels and Earnest Stewart worked more than forty hours. When asked, Lenikman has testified that he does not know if Singleton worked more than forty hours and is unable to remember if he had salaried employees prior to the spring of 2011. (Doc. 22 at p. 26.) He also testified that he knew that the drivers did not earn more than eight dollars an hour and did not work more than forty hours because he "signed the checks" and not because he checked the time cards. (Doc. 22 at p. 28.) In his deposition Lenikman was asked whether probationary drivers worked more than forty hours and responded "I don't know. I don't know I can't tell you that if they, if they did." (Doc. 22 at 35.) And if they did, Lenikman concedes that he did not pay overtime. (Doc. 22 at 36.) With respect to the number of drivers that B&H employed over a three-year time span, Lenikman knows that at one point he had twenty vans but does

not know how many drivers he employed or how the plaintiff could determine that number. (Doc. 22 at p. 117.)

The court does not decide liability at this stage. Instead, it determines whether similarly situated plaintiffs exist. *Myers*, 624 F.3d 537. Defendants attack the merits of plaintiff's claim and each of the declarations on file. With respect to Stewart, B&H argues that Stewart should have had a salary arrangement and that, if he remained an hourly employee, he should not have been working more than a forty hour week. Yet Stewart declared under penalty of perjury that he worked more than forty hours. And, consistent with what the drivers stated in their declarations, Lenikman, in his deposition, testified that B&H does not pay any of its drivers overtime compensation that "there was no overtime," and that he did not make the policies with regard to compensation or hours. (Doc. 22 at pp. 48, 23, 36, and 19-20.)

At this stage, a conditional certification allows the parties to determine whether working over forty hours was a "mistake" or so pervasive that it was in fact the company policy. Additionally, the court has reviewed the Notice of Pendency of Lawsuit and will approve the Notice with the exception of the date. The Notice shall be addressed to those who worked for B&H as a driver in the three years prior to the date of this order. All drivers will be included because it appears that drivers went through a probationary period where they were paid hourly. (Doc. 22 at p. 34.)

Finally, the court will appoint plaintiff's counsel as the collective class counsel and require that B& H provide the names of potential opt-in plaintiffs. To that end, Singleton seeks the following discovery:

> A list, in electronic format (i.e., Microsoft Excel (.xls, .xlsx)) of all persons employed as a Driver by B&H at any time from three years prior to the Court's conditional certification order to the present, including his or her:
>
> ❏ name
> ❏ most recent known street address
> ❏ city
> ❏ state
> ❏ zip code
> ❏ telephone number
> ❏ dates of employment as a driver, and
> ❏ social security number

The reason for seeking the list spanning the last three years is that the FLSA allows plaintiffs to collect damages for a three-year limitations period if the defendants "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). While the time frame proposed is reasonable, there is no explanation as to why the social security number of the drivers are needed and there are no assurances that these numbers will remain confidential. Now, therefore,

IT IS ORDERED that plaintiff's motion for conditional collective certification and court facilitated notice is granted. (Doc. 17.)

IT IS FURTHER ORDERED that counsel of record for plaintiff is appointed collective action counsel.

IT IS FURTHER ORDERED that the form and content of the Notice of Pendency of Lawsuit is approved with the modification set forth above.

IT IS ORDERED that B&H shall provide collective action counsel with a list identifying all persons known to B&H who meet the above definition, including their names, street

addresses, city, state, zip code, and phone numbers in a Microsoft Excel spreadsheet. Social security numbers shall not be provided.

IT IS FURTHER ORDERED that putative collective action members shall have sixty days from the mailing of the notice of pendency of lawsuit to opt-in to this lawsuit.

IT IS FURTHER ORDERED that the deadline for any motion for Rule 23 certification/decertification is adjourned. The parties will discuss the deadlines at the status conference scheduled for July 22, 2014.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2014.

BY THE COURT

/s/ C. N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE