UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**MARCO SINGLETON, et al.**
                      Plaintiff,                  Case No. 13-cv-882-CNC

v.

**B & H TRANSPORTATION,**                  **JURY TRIAL DEMANDED**
**INCORPORATED et al.**
                      Defendants.

**PLAINTIFF'S MOTION TO STRIKE B&H TRANSPORTATION'S
ANSWER AND FOR DEFAULT**

Plaintiff, Marco Singleton ("Singleton"), on behalf of himself and those individuals who have opted into this collective action, by Larry Johnson and Summer Murshid of Hawks Quindel, S.C., move the Court pursuant to FED.R.CIV.P. 37(b) and 55 for an order striking B&H Transportation Incorporated's ("B&H") answer and for entry of default judgment.

In support of this motion, Singleton asserts the following:

1. On August 1, 2013, Singleton filed a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 1.) Singleton claimed that he and other similarly situated Drivers were entitled to overtime compensation, worked over forty hours in various workweeks within the statutory period, and were not paid the requisite overtime premium compensation. (ECF No. 1.)

2. On February 10, 2014, Singleton served upon B&H his Second Set of Interrogatories and Requests for Production of Documents. (Johnson Decl., ECF

NO. 35, ¶ 2.) After receiving no response from B&H, or its counsel, Singleton diligently made numerous attempts over a period of three months to obtain documents, or even to meet and confer with B&H's counsel. (Johnson Decl. ECF No. 35, ¶¶ 3-13.) Despite Singleton's diligent efforts, no discovery has been produced.

3. On July 7, 2014, Singleton filed his Motion to Compel the production of responses to the requested discovery. (ECF No. 34.)

4. On August 6, 2014, B&H's Counsel moved to withdraw. (ECF No. 39.)

5. On August 8, 2014, the Court scheduled a hearing on both Singleton's Motion to Compel and B&H's Counsel's motion to withdraw. The Court also ordered a principal for B&H appear at the September 8, 2014 hearing.

6. At the September 8, 2014 hearing, no principal for B&H appeared. The Court granted Singleton's motion to Compel and by Order on September 11, 2014, the Court granted Singleton's motion to compel requiring B&H to:

> fully respond to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents by September 19, 2014. Should defendant B&H Transportation fail to comply with this order, the court may sanction B&H Transportation by striking its answer and entering a default judgment against B&H Transportation. (ECF No. 42.)

7. To date, B&H has failed to produce responses to Singleton's Second Set of Interrogatories and Requests for Production of Documents, despite the Court's stern Order.

8. FED.R.CIV.P. 37(b)(2)(A)(iii) grants the Court the ability to strike any pleading as a sanction for failing to obey an order to provide or permit discovery.

*See United States v. Approximately $4734 U.S. Currency*, 280 F.R.D. 448, 450 (E.D. Wis. 2011).

9. Singleton respectfully requests the Court strike B&H's answer for its failure to obey the Court's September 11, 2014 Order compelling discovery responses. In light of B&H's failure to respond to the discovery requests while B&H had counsel, its failure to appear at the September 8, 2014 hearing as ordered by the Court, and its failure to comply with the Court's order to compel discovery responses, B&H actions are clearly willful and in bad faith. Moreover, the Court made the consequence to not following B&H's order abundantly clear to B&H.

10. If the Court strikes B&H's answer, the entry of default judgment as to Singleton and the Opt-In Plaintiffs' claims for unpaid overtime compensation would be appropriate as B&H would no longer have an answer on file. Singleton respectfully requests the Court enter a default judgment against B&H in favor of Singleton and the Opt-In Plaintiffs pursuant to FED.R.CIV.P. 55.

11. Under FED.R.CIV.P. 55(b)(2), where the sum of default is not certain, "the court may hold whatever hearing or inquiry it deems necessary." 10A Fed. Prac. & Proc. Civ. § 2688 (3d ed.). "A judgment by default may not be entered without a hearing on damages unless … the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Singleton respectfully requests the Court allow Singleton thirty days from the date of its order to submit written

declarations to prove up damages in this matter with Response and Reply briefs to follow Civ. L. R. 7. Singleton also requests the Court grant Singleton twenty-one days from its final order establishing the damages owed to Singleton and the Opt-In Plaintiffs to file its motion for attorneys' fees and costs.

Dated this 25th day of September, 2014.

Respectfully submitted,

**s/ LARRY A. JOHNSON            .**
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Attorneys for Plaintiff

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax:  (414) 271-8442
E-mail: ljohnson@hq-law.com
          smurshid@hq-law.com